## OLIVER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 19, 1924.)

No. 6441.

Criminal law ⟨key⟩1167(1)—Technical errors in indictment charging codefendants as "dealer" in opium not ground for reversal.

A judgment will not be reversed, because the indictment, charging two defendants, referred to them in the singular number as "being then and there a dealer in opium," etc., especially when no objection to the indictment was raised before trial.

In Error to the District Court of the United States for the Western District of Missouri.

Criminal prosecution by the United States against Joseph Oliver. Judgment of conviction, and defendant brings error. Affirmed.

Ed C. Hyde, of Kansas City, Mo. (Hyde, Griffith & Blair, of Kansas City, Mo., on the brief), for plaintiff in error.

Charles C. Madison, U. S. Atty., of Kansas City, Mo., and C. S. Walden, Asst. U. S. Atty., of Joplin, Mo.

Before LEWIS, Circuit Judge, and BOOTH and SYMES, District Judges.

SYMES, District Judge. A grand jury indicted the plaintiff in error, Joseph Oliver, and another defendant, Thomas Murphy, on two counts, charging possession and purchase of morphine and cocaine in violation of the Harrison Act (Comp. St. §§ 6287g–6287q). Both defendants were arraigned without objection and pleaded not guilty. A nolle prosequi was entered by the United States as to defendant Mur-

phy. Thereafter Oliver alone was tried, convicted, and sued out writ of error.

No motion or demurrer to test the indictment was filed below, and according to plaintiff in error the only question for this court is: Does the indictment state facts sufficient to constitute an offense under the Harrison Act. The following language in the first count is all that is challenged. It charges that "one Thomas Murphy and one Joseph Oliver being then and there a dealer in opium," etc., and "being a person required by the laws of the United States of America to reg·ster as such dealer * * * without having registered as a dealer * * * his name or style and place of business."

It is contended that, in order for this indictment to charge both defendants, either jointly or separately and individually, it is necessary to substitute the word "dealers" for "dealer," and "their name or names" for "his name," etc., and so on, and that by so doing the indictment will be completely changed. This contention is all there is to this writ of error.

We cannot take this writ of error seriously. The indictment charges all the essential elements necessary to constitute the crime charged, was sufficient to apprise the accused of the nature of the accusation, and this conviction will bar any future prosecution for the same offense. Under no circumstances could we concede that the defendant's rights were prejudiced by these very slight and technical errors in the wording of the indictment, especially when, as here, the case had been dismissed as to the other defendant before trial, and Oliver went to trial without raising the question here complained of. It is a case for the application of section 1025, Rev. Stats. (U. S. Comp. Stats. 1916, § 1691).

The judgment of the lower court is affirmed.